UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANZANIA MILLER,

        Plaintiff,

v.

NEXCARE HEALTH SYSTEM, LLC,

        Defendant.

                                          /

Case No. 2:23-cv-12447

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING DEFENDANT'S
MOTION TO TRANSFER VENUE [16],
GRANTING IN PART PLAINTIFF'S MOTION
TO STRIKE AFFIRMATIVE DEFENSES [18], AND
DENYING JOINT MOTION FOR STATUS CONFERENCE [26]**

Plaintiff Tanzania Miller, on behalf of herself and similarly situated employees, sued Defendant NexCare Health System for willful or reckless failure to pay overtime wages under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). ECF 1, PgID 3. Plaintiff alleged that Defendant required certified nursing assistants to work without pay during their lunch breaks. *Id.* Defendant denied the allegations in the complaint and asserted several affirmative defenses. ECF 15. Defendant then moved to transfer venue to the Western District of Michigan, ECF 16, and Plaintiff moved to strike some of Defendant's affirmative defenses, ECF 18.

**MOTION TO TRANSFER VENUE**

Defendant moved to transfer the case to the Western District of Michigan "for the convenience of the parties and in the interest of justice pursuant to 28 U.S.C. § 1404(a)." ECF 16, PgID 120. The proper venue for civil actions in which jurisdiction

1

is not based on diversity of citizenship is a judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or, (3) if there is no other district in which the plaintiff may bring the action, "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). In determining whether to transfer the case to another venue, the Court will consider the following factors:

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Wayne Cnty. Emps. Ret. Sys. v. MGIC Inv. Corp.*, 604 F. Supp. 2d 969, 974 (E.D. Mich. 2009) (collecting cases).

Here, the parties agreed that venue is proper in both the Eastern and Western Districts of Michigan. *See* ECF 17, PgID 136 n.1 ("[Plaintiff] does not contest this suit could have been brought in the Western District."); *see generally* ECF 16. Plaintiff resides in the Western District of Michigan, ECF 17, PgID 138, and Plaintiff's claims originated at a facility where she worked in the Western District of Michigan, ECF 1,

PgID 2. Defendant's corporate headquarters are in the Eastern District of Michigan. *Id.*

But the Court will nonetheless deny Defendant's request to transfer venue. Generally, the Court defers to Plaintiff's choice of venue. *Gen. Motors Corp. v. Ignacio Lopez de Arriortua*, 948 F. Supp. 656, 668 (E.D. Mich. 1996). "When a defendant moves to change the forum, he must overcome the presumption that the plaintiff has chosen the proper forum." *Id.* (citation omitted). Indeed, Defendant bears the burden of proving by a preponderance of the evidence that "fairness and practicality strongly favor the forum to which transfer is sought." *Amphion, Inc. v. Buckeye Elec. Co.*, 285 F.Supp.2d 943, 946 (E.D. Mich. 2003) (quotation marks and quotation omitted). Because Defendant did not overcome the presumption or meet that burden, the Court will deny the motion.

Defendant argued that transfer would be more convenient to the witnesses, the parties, and the Court because "the vast majority of witnesses who may be called in this action, including Plaintiff herself and Plaintiff's supervisors and colleagues at Valley View, are located in the Western District" and because, "all of the operative facts occurred within the Western District." ECF 16, PgID 123−24. Defendant's arguments fall short, however, because consideration of the factors points just as much to the Eastern District as the Western District for the most appropriate venue. At this point, no witnesses—other than Plaintiff—have been identified. And the fact that witnesses from the Western District may be called does not mean that there will be no witnesses called from the Eastern District. In fact, Plaintiff suggested that it

will subpoena information and witnesses from corporate headquarters, which are in the Eastern District. ECF 1, PgID 2; *see* ECF 17, PgID 140–41. Plaintiff also alleged that Defendant operates several medical facilities located in the Eastern District. ECF 17, PgID 140. It is therefore possible that workers from those facilities—who work and reside in the Eastern District—will become plaintiffs in the collective action. Accordingly, it is simply too soon to decide which district would be more convenient to the witnesses, the parties, and the Court. Defendant did not present compelling reasons for why the factors "strongly favor" the Western District over Plaintiff's chosen venue. The Court will therefore deny the motion to transfer.

## MOTION TO STRIKE AFFIRMATIVE DEFENSES

Plaintiff moved to strike some of Defendant's affirmative defenses as "frivolous, impermissible, insufficient, and/or without basis in fact or law." ECF 18 PgID 163. Specifically, Plaintiff requested the Court to strike affirmative defenses D (waiver, estoppel, res judicata, unclean hands, and/or laches), E (failure to join every necessary party/claim), and F (Defendant's actions did not proximately cause Plaintiff's injury). *Id; see also* ECF 15, PgID 111 (affirmative defenses). Defendant responded that striking affirmative defenses in a putative collective action is inappropriate because the defenses could apply to one or more members of the collective action. ECF 22, PgID 194. The Court largely agrees but will strike the affirmative defense of waiver because it is inapplicable to FLSA actions as a matter of law.

4

Under Federal Rule of Civil Procedure 12(f), "the [C]ourt may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense is insufficient "if as a matter of law, the defense cannot succeed under any circumstances." *Hahn v. Best Recovery Servs., LLC*, No. 10-12370, 2010 WL 4483375, *2 (E.D. Mich. Nov. 1, 2010) (quotation marks and quotation omitted). In other words, a pleading should be stricken if it "has no possible relation to the controversy." *Id.* (quotation marks and quotation omitted). The motion should be denied "if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." *Id.* (quotation marks and quotation omitted). Striking an affirmative defense "is a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) (citation omitted).

The Court will only strike waiver from affirmative defense D (estoppel, res judicata, waiver, unclean hands, and laches) because waiver is inapplicable to FLSA actions as a matter of law. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945) (holding that employees cannot waive FLSA rights).[1] Any of the other defenses could apply to potential plaintiffs in the collective action. First, Plaintiff conceded that equitable estoppel may apply in FLSA cases if a plaintiff and Defendant entered into a settlement agreement. ECF 18, PgID 167. Plaintiff argued, however, that the Court should strike the defense here because there is no evidence that Plaintiff ever settled

---

[1] This does not preclude Defendant from moving to enforce an arbitration agreement. *See* ECF 22, PgID 199 (arguing that it is possible plaintiffs signed a FLSA "waiver" that requires arbitration).

5

with Defendant in the past and therefore, estoppel is not an applicable defense. *Id.* But Plaintiff makes the same assumption that it accuses Defendant of making in its motion to transfer venue. Since the case contemplates a putative collective action in which other plaintiffs may be added, discovery might reveal information that supports an estoppel defense. The Court will therefore not strike it. Similarly, the Court will not strike the res judicata defense. Res judicata could apply if one or more of the added plaintiffs had a former judgment on the same issue. Discovery may well reveal that a plaintiff's claims are barred by res judicata. The Court will also not strike the affirmative defenses of unclean hands or laches because they may have limited applicability in the context of FLSA remedies. *See Duby v. Shirley May's Place, LLC*, No. 16-11443, 2017 WL 5022639, *4 (E.D. Mich. Nov. 3, 2017) ("[T]he employee's wrongdoing would generally make reinstatement and front pay inappropriate remedies . . . and could bear on the calculation of back pay damages but would not serve as a total bar to them.") (citation omitted).

The Court will not strike affirmative defense E (failure to join all necessary parties and/or claims) because Defendant denied that it was Plaintiff's employer, joint or otherwise. ECF 22, PgID 200; ECF 15, PgID 74. Federal Rule of Civil Procedure 19(a) requires joinder of a party if the party's absence would result in the Court's inability to accord complete relief. If Defendant did not employ Plaintiff, then the defense would apply because the Court could not accord relief absent Plaintiff's employer. Although Plaintiff alleged that Defendant is Plaintiff's employer, ECF 1,

6

PgID 1, discovery is necessary to reveal the truth and the Court will not strike the defense based solely on Plaintiff's contested allegation.

Last, the Court will not strike affirmative defense F (Defendant was not the proximate cause of Plaintiff's injuries) for similar reasons as those justifying the other valid possible defenses. Defendant maintained that it was not Plaintiff's employer and therefore did not unlawfully deny Plaintiff overtime wages. *See* ECF 15, PgID 74. Although proximate causation is not an element of an FLSA overtime wage claim, see *Gibbs v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 2:21-cv-2153, 2022 WL 36688, at *2 (W.D. Tenn. Jan. 3, 2022), Plaintiff presented no case which suggested that the affirmative defense is improper in FLSA claims. *See generally* ECF 18. And the Court did not find one. Because the affirmative defense could tenuously be construed as related to the failure to join defense (E), and because the interests of justice to not necessitate striking the defense, the Court will not do so.

In sum, the Court will grant the motion to strike as to only the affirmative defense of waiver raised in affirmative defense D. *See* ECF 15, PgID 111. Defendant proposed that it "will voluntarily withdraw" any defense that is not factually supported at the close of discovery. ECF 22, PgID 197. The Court expects Defendant to abide by that proposal.

Finally, the parties moved for a "status conference." ECF 26. The Court will issue a scheduling order for a Rule 16 Conference in conjunction with this order. The Court will therefore deny the motion as moot.

7

# ORDER

**WHEREFORE**, it is hereby **ORDERED** that the motion to transfer venue [16] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to strike affirmative defenses [18] is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** that affirmative defense of waiver is **STRICKEN**.

**IT IS FURTHER ORDERED** that the motion for a status conference [26] is **DENIED AS MOOT**.

**SO ORDERED.**

                                                  s/ Stephen J. Murphy, III
                                                  STEPHEN J. MURPHY, III
                                                  United States District Judge

Dated: March 8, 2024