UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANZANIA MILLER,

       Plaintiff,                                    Case No. 2:23-cv-12447

v.                                                 Honorable Susan K. DeClercq
                                                      United States District Judge
NEXCARE HEALTH SYSTEMS, LLC,

       Defendant.
_____/

**ORDER APPROVING AND DIRECTING FLSA NOTICE**

I.

Plaintiff Tanzania Miller worked at Defendant NexCare as a Certified Nursing Assistant (CNA) at NexCare's Valley View Care Center in Grand Rapids, Michigan. ECF No. 1 at PageID.1. Plaintiff alleges that Defendant would automatically deduct 30 minutes a day from employees' recorded work time for "meal breaks," but would simultaneously require employees to remain on duty and to perform compensable work during that time. *Id.* at PageID.1–2. Plaintiff therefore filed this collective-action lawsuit, alleging that Defendant violated the Fair Labor Standards Act (FLSA) by depriving her and other employees of overtime wages for these hours worked. *Id.*

The parties have requested that this Court approve their joint stipulation regarding FLSA notice, authorize their proposed notice materials, and enter their proposed order. ECF No. 35. For the reasons explained below, this Court will do so.

II.

Under the Supreme Court's interpretation of the FLSA, federal courts have "an implied judicial power, in appropriate cases, to facilitate notice of FLSA suits to potential plaintiffs." *Clark v. A&L Homecare & Training Ctr.*, 68 F.4th 1003, 1012 (6th Cir. 2023) (internal quotations omitted) (citing *Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 170 (1989)). For this Court to facilitate notice of an FLSA suit to other employees, "the plaintiffs must show a 'strong likelihood' that those employees are similarly situated to the plaintiffs themselves." *Id.* at 1011. "Strong likelihood" means something more than what is required to create a genuine issue of fact but less than what is necessary to show a preponderance. *Id.*

The point of the "similarly situated" inquiry is "to determine whether the merits of other-employee claims would be similar to the merits of the original plaintiffs' claims—so that collective litigation would yield 'efficient resolution in one proceeding of common issues of law and fact arising from the same alleged discriminatory activity.'" *Id.* at 1012 (quoting *Hoffman-LaRoche*, 493 U.S. at 170). Courts have found a strong likelihood of similarity "when a plaintiff alleges a single FLSA-violating policy, 'and that proof of that policy or of conduct in conformity

with that policy proves a violation as to all the plaintiffs.'" *Rayford v. Mobile Phlebotomy of Cent. Mich. LLC*, No. 1:23-CV-13012, 2024 WL 1435211 (E.D. Mich. Apr. 3, 2024) (quoting *Dove v. Corewell Health*, No. 1:23-CV-00182, 2023 WL 6548556, at *2 (W.D. Mich. Oct. 6, 2023)).

Here, the parties have agreed to send court-authorized FLSA notice to the collective defined as:

> All hourly employees who worked at the Valley View Care Center located at 1050 4 Mile Rd NW, Grand Rapids, MI 49544 and received a meal period deduction at any time during the past three years. ("Putative Collective Action Members" or "Putative Class Members").

ECF No. 35 at PageID.265.

Under this definition, Plaintiff has shown a strong likelihood that members of the proposed collective would be similarly situated to her. Indeed, Plaintiff alleges a single FLSA-violating policy—that Defendants required employees to work off-the-clock during meal periods. *See Rayford*, 2024 WL 1435211, at *3. "Proof of this policy or Defendants' conforming conduct would, thus, prove an FLSA violation as to *all* members of the proposed collective." *Id.* Accordingly, notice will be approved.

Further, in the same joint stipulation and order, the parties have submitted a notice-and-consent form that plainly and accurately describes the nature of this case, as well as agreed-upon email and text messages to potential collective action members. *See* ECF No. 35-1 at PageID.270–76. The parties have also agreed to a

- 3 -

timeline for filing certain pleadings and notice. ECF No. 35 at PageID.266–67. All of the content and times are reasonable under the law.

III.

Accordingly, it is **ORDERED** that:

This case is **CONDITIONALLY CERTIFIED** as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

1. The proposed collective is defined as:

**All hourly employees who worked at the Valley View Care Center located at 1050 4 Mile Rd NW, Grand Rapids, MI 49544 and received a meal period deduction at any time during the past three years. ("Putative Collective Action Members" or "Putative Class Members).**

2. Nothing in this Order shall be interpreted as limiting, waiving, or modifying any of the Parties' claims or defenses. This Order is not any party's admission as to any underlying substantive issue in this controversy. NexCare is not waiving its right to later challenge the propriety of this case moving forward as a collective.

3. Plaintiff is **DIRECTED** to file an Amended Complaint within 21 days of this Court's acceptance of this Stipulation, adding Valley View Care Center, LLC, as a defendant in this lawsuit, but without asserting any new allegations. Within 21 days of the Amended Complaint, all Defendants are **DIRECTED** to file an Answer.

4. The Notice-and-Consent Forms and the Text and E-mail Scripts, ECF No. 35-1 at PageID.270–76, shall be used for purposes of informing the Putative Collective Action Members of this lawsuit and their right to participate.

5. The Putative Collective Actions Members shall have 60 days from the date of initial mailing, e-mailing, and texting of the Notice to file their Consent opting into this lawsuit as plaintiffs. If Putative Collective Action Members file their Consents after the deadline, the Parties will meet and confer to discuss whether any such Putative Collective Action Member may proceed to join this case.

6. The Notice Timeline is **SCHEDULED** as follows:

| DEADLINE | SUBJECT |
|---|---|
| **Within 30 Days of Court Signing Stipulation** | NexCare shall provide Plaintiff with the names of the workers who make up the Putative Collective Action Members, including the last known addresses, email addresses (both personal and work if available), phone numbers. |
| **Within 20 Days from Receiving Names & Contact Information of Putative Collective Action Members** | Plaintiff's Counsel shall send the Court approved Notice and Consent Form to the Putative Collective Action Members via First Class U.S. mail, e-mail, and text message. |
| **60 Days from Date Notice is First Mailed to Putative Collective Action Members** | The Putative Collective Action Members shall have 60 days to return their signed Consent forms to Plaintiff's Counsel for filing with the Court. |
| **30 Days from Date Notice is Mailed to Putative Collective Action Members** | Plaintiff's Counsel is authorized to send a second identical copy of the Notice and Consent forms to the Putative Collective Action Members via First |

|  | Class U.S. mail, e-mail, and via text message. For any Putative Collective Action Members whose Notice and Consent Forms are returned as undeliverable in all forms (email, text and mail), Plaintiff's Counsel is authorized to follow up with said Putative Collective Action Members with one phone call to obtain and updated postal address and/or email address to ensure receipt of the Notice. |
|---|---|

7. The Parties are **DIRECTED** to work together to exchange information during and following the opt-in period related to potential liability assessments to prepare for next steps and potential mediation.

It is so **ORDERED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 7/24/2024